## The Will of Esther Levy.

EXEMPLIFICATION of proofs not required to accompany exemplification of a foreign will, when offered to the Surrogate for the purpose of obtaining letters testamentary.

S. B. H. JUDAH, *for Petitioners.*
CHAS. EDWARDS, *for Contestants.*

THE SURROGATE. The paper offered in this proceeding purports to be a copy of a will executed according to the laws of the Kingdom of Great Britain, and admitted to probate in that country. It is offered for the purpose of obtaining from the Surrogate of New York, under the act of 1863, letters testamentary for Solomon L. Cohen, the petitioner, who is the attorney in fact, of the foreign executor and executrix.

It is certified, under the seal of the Court, by the Registrar of the Court of Probate, at London, that the paper offered is a true copy of the original will, proved in that Court; and that administration has been granted to the executors. There is a notarial certificate and seal appended, certifying to the signature of the Registrar, and to the seal; and a certificate of the United States Consul at London, under the seal of the Consulate, certifying the signature and office of the notary.

The first objection raised is that an exemplification of the proofs upon the probate of the will is necessary. In 1 *Hill's Reports, p.* 540, Judge Bronson required this, in order to admit in evidence a copy of a will which had been admitted and recorded by the Supreme Court of this State.

The express language of the act of 1813, under which that probate and record had been made, required the recording of the proofs (as the Revised Statutes require of proofs taken before Surrogates) " in a book," and thus made the record to include the proofs as well as the will. But the section of the Revised Statutes (latter part of § 84, 3d R. S., 5th ed., p. 152) under which the present application is made, speaks only of " a duly exemplified or authenticated copy of such will." I think, therefore, that an exemplification of the proofs is not required.

But this exemplification is imperfect, because it lacks the certificate of the presiding magistrate of the Probate Court, showing that the Registrar is its Clerk, or has the legal custody of the record, etc.; and the certificate of the Secretary of State of Great Britain, as provided by 3 R. S., 5th ed., p. 678, § 26.

The petition is for admission of the will to probate. The Revised Statutes scarcely seem to contemplate a declaration of probate to be made by the Surrogate here. Their meaning seems to be, that when a foreign will shall have been duly admitted to probate in its proper country and jurisdiction, then the Surrogate should issue letters recognizing that foreign probate. ( § 85, ut supra.) It is true that the act of 1863, chap. 403, speaks of an admission to " probate within this State, on the production of the exemplification of the foreign record." But it is not properly a proceeding for probate; for it is not one in which the factum of the will can be impeached, or the capacity of the testator.

No other question comes up but the authenticity of the foreign record. The genuineness and validity of the will are subjects which can only be inquired into at the place of its probate, in England.